A. C. Logan, Chief of Police of the City of Tampa, Florida, *Plaintiff in Error*, v. Peter Alfieri, *Defendant in Error*.

148 So. 872.
Division B.
Opinion filed June 9, 1933.

*M. Henry Cohen,* and *Jackson, Dupree* and *Cone,* for Plaintiff in Error;

*Sempreviva & D'Arpa* and *LeRoy Allen,* for Defendant in Error.

Buford, J.—The defendant in error sued out a writ of habeas corpus from the Circuit Court of Hillsborough County alleging that he was unlawfuly restrained of his liberty upon a charge alleging the violation of Section 17, Paragraph C of Ordinance No. 297a, which is an amendment to Section 17 of Ordinance No. 312-a.

It was contended in the Court below, and is so contended here, that the provisions of paragraph C of the Section 17 of the ordinance, *supra,* are unconstitutional and void because they are in conflict with Section 1 of the Declaration of Rights of the Constitution of Florida. That paragraph of the ordinance is as follows:

"(C) Milk, cream or buttermilk may be delivered, distributed, sold, offered for sale or held for sale in either

plain or marked bottles, carton or other containers. When marked bottles, cartons or other containers are used it shall be unlawful for said bottle, carton or other container to bear any name, trade name or trade mark other than that of the producer or distributor whose name appears upon the cap, seal or cover of said bottle, carton or container."

The complete ordinance is not made a part of the record here and therefore, we are not advised as to whether or not the title of the ordinance is sufficient, but in the absence of a showing to the contrary we must hold for the purpose of the disposition of this case that the title is sufficient.

The learned judge of the Court below held the paragraph above quoted to be unconstitutional and invalid without stating the ground upon which he so found it.

We assume that the court below held the ordinance invalid because of its being repugnant to Section 1 of the Declaration of Rights of the Florida Constitution. It is well recognized throughout this and all other civilized countries that milk is a valuable and universal food product. That it is peculiarly liable and subject to contamination and adulteration. That the business of producing and distributing milk is one when improperly conducted or carelessly handled may seriously affect the public health. That in the interest of public health and safety, the regulation of the production and distribution of milk is within the police power of the sovereignty and that strict and burdensome regulatory provisions may be enacted and enforced to guarantee to the consumer that protection which the sovereignty owes to him.

It is apparent, therefore, that a requirement that a distributor of milk or dairy products should use a bottle, carton or other container bearing the name, trade name or trade mark truly and correctly showing the identity of the producer or distributor would be reasonable and valid. But the provision of the ordinance here under consideration goes

to and attempts to control that which could reasonably have no relation to the health of the consumer. It in effect requires that the name of the producer or distributor should appear upon the cap, seal or cover of the bottle, carton or container and in that provision the ordinance must certainly be held to be within the police power. But it goes further and prohibits the use of any bottle, carton or container bearing the name, trade name or trade mark other than that of the producer or distributor of the milk. The trade name of the manufacturer of the milk bottle blown into the side or bottom of the bottle cannot by any reasonable conclusion mislead the consumer as to the contents of the bottle nor as to the identity of the producer or distributor of the milk. If the ordinance requires the name of the producer or distributor, or both the name of the producer and the distributor to appear on the cap, seal, or cover of the container, compliance with such provision gives the buying public all the information necessary as to the identity of the producer or distributor, or both, and nothing further is necessary to effectuate this end.

If the ordinance only went so far as to prohibit the producer or distributor from using a bottle, as a milk container, bearing the name or trade mark of another producer or distributor such provision would be reasonable and would accomplish a lawful purpose well within the police power. Such provision would tend to protect the public as well as the owner of the name or trade mark appearing in anywise on the bottle.

If the language used in the ordinance could be construed to mean only that the use by one producer or distributor of bottles bearing the name or trade mark of another producer or distributor is prohibited, it could be held valid, but if construed otherwise it would effect an unwarranted interference with property rights.

·There is nothing before us to show in what manner the ordinance was alleged to have been violated. The ordinance on its face and according to its plain language is unreasonable and arbitrary and easily lends itself to unlawful interference with individual rights and to the oppression of the weak.

Therefore, the judgment of the court below should be affirmed and it is so ordered.

Affirmed.

Davis, C. J., and Whitfield, Terrell and Brown, J. J., concur.

Ellis, J., concurs in conclusion.